UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOEL CRUZ HERNANDEZ, by and through his next friend CIRILO SANTIZ SANTIZ,

          Petitioner,

    v.

TAE D. JOHNSON, et al.,

          Respondents.

No.  1:26-cv-02541-KES-CDB (HC)

A-Number: 221-497-812

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Joel Cruz Hernandez is an immigration detainee proceeding by and through his next friend Cirilo Santiz Santiz with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 6, 7.[1]  The Court has previously addressed the legal issues raised by petitioner in his petition and motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 8.  The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing.  *Id.*

---

[1] The Court appointed counsel in this case to represent petitioner effective April 9, 2026.  Docs. 7, 10.

1

Respondents state that they "do not oppose converting the motion for a temporary restraining order into a motion for a preliminary injunction or resolving the petition on the briefs." Doc. 9 at 1. "Nor do Respondents request a hearing." *Id.*

Respondents contend that the Court should dismiss the petition because (1) they assert that the magistrate judge erred in finding that Santiz satisfied his burden to establish the propriety of his "next friend" status for petitioner (*see* Doc. 7), and (2) the petition was filed without counsel. Doc. 9. The latter argument will be addressed first.

First, respondent's argument concerning plaintiff's "next friend" proceeding without counsel is moot, as counsel has been appointed to represent petitioner. Docs. 7, 10; *cf. Anzor I. v. Ice Field Off. Dir.*, No. 2:26-CV-0383-TLN-CSK, 2026 WL 787978, at *2 (E.D. Cal. Mar. 20, 2026) (recognizing that "to proceed as a 'next friend' on a habeas petition, the 'next friend' must be represented by counsel.").

Second, respondents seek reconsideration of the magistrate judge's finding that Cirilo Santiz Santiz established "next friend" standing. Doc. 9 at 1. The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." L.R. 303(f); Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also* L.R. 302(c)(17). "This means that the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo." *Adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022); *see also Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997).

The objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009). Here, respondents have not shown the magistrate judge's finding that Santiz met the requirements to proceed as petitioner's "next friend" to be clearly erroneous or contrary to law. Among other things, the magistrate judge considered that

Santiz, a longtime friend and employer of petitioner, declared under oath that he is acting in petitioner's best interests and that petitioner has very limited access to legal resources and cannot effectively represent himself.  Doc. 7 at 3.  While respondents disagree with the magistrate judge's finding, they do not identify any authority that would support finding it clearly erroneous or contrary to law.  *See* Doc. 9.  The magistrate judge appropriately found that Santiz met the requirements for "next friend" status and appointed counsel to represent petitioner.  Accordingly, respondent's motion for reconsideration is denied.

Respondents do not make any other arguments or identify any relevant distinction between this matter and the cases identified.  *See* Doc. 9.  Petitioner filed a "reply in support of petition for writ of habeas corpus."  Doc. 12.  As the parties indicate their filings address both the petition and the pending motion, the Court addresses the petition on the merits.

As respondents have not identified any relevant factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the petition for writ of habeas corpus is GRANTED as to petitioner's claim one, for the reasons addressed in those prior orders.[2]

The Court ORDERS that respondents release petitioner Joel Cruz Hernandez (A-Number: 221-497-812) immediately.  If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

///

///

///

---

[2] The Court need not address petitioner's remaining claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

3

The Clerk of Court is directed to terminate the motion for a temporary restraining order (Doc. 6) as moot, close this case, and enter judgment for petitioner.

The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    May 8, 2026

_____
UNITED STATES DISTRICT JUDGE

4